**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 11-20279-CR-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,
v.

STANISLAV PAVLENKO et al.,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS INDICTMENT

THIS MATTER is before the Court on the Motion to Dismiss Indictment, filed by Defendant Stanislav Pavlenko [ECF No. 645]. As explained below, this Motion is denied.

Defendant seeks dismissal of the indictment based upon the Government's conduct before the grand jury. This Circuit has recognized that dismissal of an indictment is "an extreme sanction" that should be infrequently called upon. *United States v. Pabian*, 704 F.2d 1533, 1536 (11th Cir. 1983) (citation omitted). Dismissal is warranted only for "an abuse of the grand jury process such as perjury or government misconduct." *United States v. DiBernardo*, 775 F.2d 1470, 1475 (11th Cir. 1985). The Government's conduct must be intentional; absent a deliberate abuse of the grand jury process, a district court cannot dismiss a grand jury indictment in the exercise of its supervisory powers. *See id.* at 1475-76.

Here, Defendant argues that the indictment should be dismissed for three reasons: 1) the Government failed to advise the grand jury of "relevant exculpatory case law from the 2nd Circuit Court of Appeals"; 2) the Government failed to advise the grand jury that Defendant passed a polygraph examination; and 3) the Government "potentially failed to provide all voting grand jurors with access to [Defendant's] grand jury testimony." Mot. at 1.

The first argument fails because it has already been presented to, and rejected by, Judge Ungaro at the time the grand jury was convened. *See* Gov't Resp. Ex. 4 [ECF No. 663-4] (hereinafter, "Ungaro Order"). As she correctly stated, the judge's role with respect to the grand jury is a very limited one. Ungaro Order at 2. This finding is consistent with long standing case authority of the Supreme Court. *See In re Grand Jury Proceedings*, 142 F.3d 1416, 1425 (11th Cir. 1998) (citing *Costello v. United States*, 350 U.S. 359, 362 (1956); *Stirone v. United*

*States*, 361 U.S. 212, 218 (1960); *United States v. Dionisio*, 410 U.S. 1, 17 (1973); and *United States v. Williams*, 504 U.S. 36, 47 (1992)). While a judge may dismiss an indictment for misconduct before the grand jury, "the Supreme Court has made clear that no 'supervisory' judicial authority exists which would allow a court to prescribe standards of prosecutorial conduct before the grand jury in the first instance." Ungaro Order at 2 (citing *Williams*, 504 U.S. at 47). Moreover, "the Court is not persuaded that the holdings of the Second Circuit are apposite" here, nor, obviously, are they binding precedent in this Circuit. Ungaro Order at 2. "Finally, while a prosecutor may not mislead the grand jury regarding the elements of an offense, as a general matter, a prosecutor 'satisfactorily explains the offense to be charged by simply reading the statute to the grand jury,'" and "'[t]he prosecutor is under no obligation to give the grand jury legal instructions.'" *Id.* (citations omitted).

Defendant has offered no argument that Judge Ungaro's determinations were incorrect, nor provided any reason they should be revisited by this Court. "Reconsideration is an extraordinary remedy which must be used sparingly," and it is insufficient for the Defendant to "simply rehash previously litigated issues[.]" *United States v. Russo*, 2011 WL 3044844, at *1 (S.D. Fla. July 25, 2011) (citations omitted); *see also United States v. Sims*, 252 F. Supp. 2d 1255, 1261 (D.N.M. 2003) ("A motion for reconsideration is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.") (citations omitted). Accordingly, the Court will not dismiss the indictment on account of this first argument.

Defendant's second argument is that the indictment is invalid because he was not permitted to offer the results of his polygraph examination to the grand jury. Defendant speculates that "the Grand Jury may have been more fair and objective had they been advised of the polygraph results." Mot. at 9. Whether that is true or not, the Defendant has no right to present any exculpatory evidence whatsoever to the grand jury. *Williams*, 504 U.S. at 52 ("neither in this country nor in England has the suspect under investigation by the grand jury ever been thought to have a right to testify or to have exculpatory evidence presented"). Moreover, the Court has already determined in a prior Order [ECF No. 630] that the polygraph evidence has the potential to confuse and mislead the jury and should be excluded under Federal Rules of Evidence 403 and 702. While mindful that technical rules of evidence do not apply in the grand jury setting, the Court's prior ruling undercuts Defendant's argument that the grand jurors may have been more receptive to his testimony, and less inclined to indict, had they been

presented with his polygraph results. Instead, it is more plausible the jurors would have been confused by such evidence and that it would have distracted them from their primary focus, which is to make a determination of probable cause as to this Defendant. Accordingly, Defendant is not entitled to dismissal of the indictment on this basis.

Defendant's third argument is that the twelve grand jurors who voted to indict him may not have heard all of his testimony to the grand jury. Here again, a variation of this argument was presented to, and rejected by, Judge Ungaro pre-indictment. At that time, Defendant argued that the Court should order any grand juror without access to his testimony be precluded from voting on the indictment. As Judge Ungaro found, however, "[n]o rule exists which would allow only those grand jurors present during the testimony of a target to vote on his indictment, and the Court lacks authority to impose such a procedural requirement." Ungaro Order at 3. She also found that any such order would be effectively unenforceable "due to the secrecy accorded to grand jury proceedings." *Id.* at 4.

Viewing matters from this side of the indictment, this Court agrees that there is no basis to grant the relief Defendant seeks. The Supreme Court has made plain that the Defendant has no right to present exculpatory evidence to a grand jury, as a contrary rule would be inconsistent with the grand jury's underlying function and purpose, which is not to perform "a 'balanced' assessment of the entire matter":

> It is axiomatic that the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge. That has always been so; and to make the assessment it has always been thought sufficient to hear only the prosecutor's side. . . . As a consequence, neither in this country nor in England has the suspect under investigation by the grand jury ever been thought to have a right to testify or to have exculpatory evidence presented.

*Williams*, 504 U.S. at 52 (citations omitted). If the Defendant has no right to present exculpatory evidence in the first place, then the fact (or, as here, the speculation) that all voting jurors may not have heard such evidence cannot be a basis for invaliding the indictment. *See United States v. Byron*, 994 F.2d 747, 748 (10th Cir. 1993) (finding it irrelevant whether voting grand jurors all heard defendant's exculpatory evidence because the defendant's appearance before the grand jury was "a matter of sufferance" and grand jurors could fulfill their constitutional duty by merely finding probable cause). "[T]he purpose of the grand jury indicates that a juror's absence during the presentation of exculpatory evidence is not a proper ground to invalidate that juror's vote for indictment," because the grand jury's sole function is to determine "whether the

evidence presented in a specific case is sufficient to establish probable cause to believe that a crime was committed and that a specific individual committed the crime." *See United States v. Leverage Funding Sys., Inc.*, 637 F.2d 645, 648 (9th Cir. 1980). Accordingly, Defendant's third argument is likewise not a basis for dismissal of the indictment.

For the reasons explained herein, it is hereby **ORDERED and ADJUDGED** that Defendant Pavlenko's Motion to Dismiss Indictment [ECF No. 645] is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida on March 27, 2012.

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
U.S. Magistrate Judge
Counsel of record