# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 11-20279-CR-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STANISLAV PAVLENKO,
ISAAC FELDMAN, and
ALBERT TAKHALOV,

    Defendants.
_____/

## OMNIBUS ORDER ON DEFENDANTS' POST-TRIAL MOTIONS FOR JUDGMENT OF ACQUITTAL, NEW TRIAL, AND RELATED RELIEF

THIS MATTER is before the Court on the following: Defendant Albert Takhalov's Motion for a New Trial [ECF No. 1007]; Defendant Isaac Feldman's Motion for Judgment of Acquittal and for New Trial [ECF No. 1008]; and Defendant Stanislov Pavlenko's Motion for Judgment of Acquittal Under Federal Rule of Criminal Procedure 29, for Dismissal Under Federal Rule of Criminal Procedure 12(b)(3)(B), for Arrest of Judgment Under Federal Rule of Criminal Procedure 34, and, in the Alternative, for New Trial Under Federal Rule of Criminal Procedure 33 [ECF No. 1009]. For the reasons set forth below, these Motions are denied.

### Introduction

Following a lengthy jury trial, Defendants Albert Takhalov, Isaac Feldman, and Stanislov Pavlenko were convicted of various conspiracy and substantive counts related to their involvement in opening and operating sham nightclubs in Miami Beach, Florida. The jury found Takhalov guilty of two wire fraud conspiracies, two money laundering conspiracies, conspiracy to defraud the U.S. Department of Homeland Security, and various substantive wire fraud offenses. Feldman was convicted of conspiracy to commit wire fraud and conspiracy to commit money laundering. The jury convicted Pavlenko of conspiracy to commit wire fraud, conspiracy to commit money laundering, and various substantive wire fraud offenses.

Takhalov seeks a new trial, arguing that this Court erred in allowing Alec Simchuk, who pled guilty and cooperated with the Government, to testify about Takhalov's alleged efforts to threaten and intimidate him in order to prevent him from coming to Miami to cooperate. Simchuk testified that he received a threatening call from Takhalov and was approached a few days later by two men who broke his leg and warned him not to travel to Miami. Takhalov argues that this "unfairly prejudicial testimony was highlighted when the Court gave an instruction limiting this evidence to Takhalov only." Takhalov Mot. at 2. Takhalov also seeks a new trial on the ground that the Court erred in allowing counsel for Defendant Siavash Zargari (who was acquitted on all counts) "such unbridled cross-examination of" Officer Luis King that it deprived him of a fair trial. *Id.* at 2-3. According to Takhalov, Zargari's counsel acted as a "second prosecutor" and unfairly focused more on the guilt of Takhalov than on the innocence of Zargari.

Feldman requests judgment of acquittal or a new trial, arguing that the evidence was insufficient to sustain his convictions, that he was substantially prejudiced in being jointly tried with the other Defendants, and that he was prejudiced by "spillover" evidence pertaining solely to the other Defendants and their alleged bad acts. Feldman also complains of other evidentiary rulings and renews/adopts his unavailing arguments made at the close of the evidence.

Pavlenko moves to dismiss the Superseding Indictment as "fundamentally deficient, failing to properly charge a violation of federal fraud statutes or a money laundering conspiracy and relying on theories extending beyond the jurisdictional scope of the relevant statutes[.]" Pavlenko Mot. at 1. Alternatively, Pavlenko seeks judgment of acquittal or a new trial on the basis of newly-discovered evidence related to witness John Bolaris's appearance on the "Dr. Phil" show after testifying in this case. Pavlenko also argues that the Court variously erred in instructing the jury and in making evidentiary and other rulings, and that the joint trial severely and unfairly prejudiced him.

## **Legal Standards**

Federal Rule of Criminal Procedure 29(c), which governs motions for judgment of acquittal, "tests the sufficiency of the evidence against a defendant, and avoids the risk that a jury may capriciously find him guilty though there is no legally sufficient evidence of guilt." *United States v. Collantes*, 2011 WL 2784266, at *4 (S.D. Fla. July 13, 2011) (Altonaga, J.) (citation omitted). Under Rule 29(c), "a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction." *United States v. Ward*, 197 F.3d 1076,

1079 (11th Cir. 1999). "Any conflicts in the evidence are resolved in favor of the Government, and all inferences that tend to support the Government's case must be accepted." *Collantes*, 2011 WL 2784266, at *4. The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion but guilt. *United States v. Garcia*, 447 F.3d 1327, 1334 (11th Cir. 2006). In short, the Court must determine whether, based on the evidence, a reasonable jury could find the defendant guilty beyond a reasonable doubt. *Ward*, 197 F.3d at 1079. That is to say, when "viewing the evidence in the light most favorable to the prosecution, would any rational trier of fact [find] all the essential elements of the crime beyond a reasonable doubt"? *See United States v. Lopez*, 403 F. App'x 362, 370-71 (11th Cir. 2010).

Under Federal Rule of Criminal Procedure 33, which governs motions for new trial, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Whether to grant an evidentiary hearing on a motion for new trial is a matter entrusted to the district court's discretion. *United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996). "When the resolution of a motion for a new trial is clear, the district court is not required to hold an evidentiary hearing." *United States v. Elso*, 364 F. App'x 595, 599 (11th Cir. 2010). The Eleventh Circuit has explained that "'the acumen gained by a trial judge over the course of the proceedings' makes the same court 'well qualified' to rule on the motion without holding an evidentiary hearing.'" *See id.* (citation omitted).

The decision to grant or deny a criminal defendant's motion for new trial under Rule 33 rests with the district court's sound discretion. *See United States v. Rafferty*, 296 F. App'x 788, 796 (11th Cir. 2008). The trial court is not free, however, "to reweigh the evidence or set aside the verdict simply because it feels some other result would be more reasonable." *See Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004) (citation omitted). "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *See id.* (citation omitted). This ensures that the district court's judgment is not substituted for that of the jury. *See id.*

"Federal Rule of Criminal Procedure 12(b)(3)(B) provides that 'at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." *United States v. Sharpe*, 438 F.3d 1257, 1258 (11th Cir. 2006) (quoting Fed. R. Crim. P. 12(b)(3)(B)). "For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir.

2003) (citations omitted). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." *Sharpe*, 438 F.3d at 1263 (emphasis original); *see also United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). If "the factual allegations in the indictment, when viewed in the light most favorable to the government, [are] sufficient to charge the offense as a matter of law," then the motion must be denied. *See United States v. deVegter*, 198 F.3d 1324, 1327 (11th Cir.1999) (citation omitted).

Federal Rule of Criminal Procedure 34 may be invoked to "arrest judgment" where "the indictment or information does not charge an offense" or "the court does not have jurisdiction of the charged offense." *See* Fed. R. Crim. P. 34(a). Such motions call for a legal ruling and do not depend on the evidence presented at trial. *See United States v. Sisson*, 399 U.S. 267, 281 (1970); *see also United States v. Francis*, 2005 WL 2035497, at *2 (N.D. Fla. Aug. 23, 2005); *United States v. Boender*, 719 F. Supp. 2d 951, 953 (N.D. Ill. 2010). The district court's review under Rule 34 is limited to "the record," meaning the indictment, the plea, the verdict, and the sentence. *See Sisson*, 399 U.S. at 281 n.10. Rule 34 motions "are rarely made, and it is even rarer that they are granted." *See United States v. Campbell*, 2006 WL 3694618, at *4 (E.D. Mich. Dec. 13, 2006) (quoting 3 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 601).

## **Discussion**

Upon careful review and consideration, the Court finds that the Defendants are not entitled to the relief sought and that their respective convictions must stand.

First of all, the Court summarily rejects Defendants' legal-based arguments for judgment of acquittal, new trial, dismissal, and arrest of judgment. These arguments all lack merit and require no further elaboration or discussion. As for Defendants' evidentiary challenges, they have all, with one exception, been raised and rejected before. Those arguments, save one, were presented in one fashion or another before, during, and after the trial (or at the close of the evidence), and they were all deemed unavailing. The Court stands by its prior rulings fully.

The one evidentiary argument that requires further discussion pertains to John Boralis's appearance on the "Dr. Phil" program after he testified at trial. The question is whether Bolaris's arguably contradictory commentary on the television program, after he testified, constitutes newly-discovered evidence requiring a new trial. The Court finds that it does not.

To establish grounds for a new trial based upon newly discovered evidence, the defendant must show that: (1) the evidence was discovered following trial; (2) he acted with due diligence to discover the evidence; (3) *the evidence is not merely cumulative or impeaching*; (4) the evidence is material to issues before the court; and (5) *the evidence is of such a nature that a new trial would probably produce a different result*. *See United States v. DiBernardo*, 880 F.2d 1216, 1224 (11th Cir. 1989). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." *United States v. Lee*, 68 F.3d 1267, 1274 (11th Cir. 1995) (citation omitted). Defendants fail to make the required showing because the new evidence is merely cumulative and impeaching, and would not likely result in a different outcome at a new trial. Bolaris was severely impeached at trial. Any further impeachment based on his arguably contradictory comments on television would have been cumulative to the severe impeachment he endured on the stand, it would not have added anything of value for the jury to consider, and it would not have led to a different outcome. *See, e.g.*, *United States v. Shaw*, 482 F. App'x 449, 453 (11th Cir. 2012) ("At most, the evidence proffered by [defendant] merely tended to impeach [witness's] testimony, which does not rise to the level for a new trial to be granted."); *see also United States v. Rodriguez*, 427 F. App'x 784, 793 (11th Cir. 2011); *United States v. Brown*, 423 F. App'x 889, 890-91 (11th Cir. 2011). This is especially true given the overwhelming evidence supporting Defendants' convictions. *See Rodriguez*, 427 F. App'x at 793.

## Conclusion

For the reasons set forth above, it is hereby **ORDERED and ADJUDGED** that: Defendant Takhalov's Motion [ECF No. 1007] is **DENIED**; Defendant Feldman's Motion [ECF No. 1008] is **DENIED**; and Defendant Pavlenko's Motion [ECF No. 1009] is **DENIED**.

**DONE and ORDERED** in Chambers at Miami, Florida on April 1, 2013.

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of Record