UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20279-CR-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALBERT TAKHALOV,

    Defendant.

_____/

## ORDER DENYING MOTION FOR NEW TRIAL

THIS MATTER is before the Court on Defendant Albert Takhalov's Motion for a New Trial [ECF No. 1069]. For the reasons set forth below, this Motion is denied.

## Introduction

Following a lengthy jury trial, Defendants Albert Takhalov, Isaac Feldman, and Stanislov Pavlenko were convicted of various conspiracy and substantive counts related to their involvement in opening and operating sham nightclubs in Miami Beach, Florida. The jury found Takhalov guilty of two wire fraud conspiracies, two money laundering conspiracies, conspiracy to defraud the U.S. Department of Homeland Security, and various substantive wire fraud offenses. Takhalov previously requested a new trial, raising various grounds, but the Court denied his motion. Takhalov now seeks a new trial based upon newly discovered evidence and an alleged *Brady* violation.

## Legal Standards

Federal Rule of Criminal Procedure 33 governs motions for new trial based upon newly discovered evidence. Under Rule 33(a), "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). To establish grounds for a new trial based upon newly discovered evidence, the defendant must show that: (1) the evidence was discovered following trial; (2) he acted with due diligence to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before

the court; and (5) the evidence is of such a nature that a new trial would probably produce a different result. *See United States v. DiBernardo*, 880 F.2d 1216, 1224 (11th Cir. 1989).

When a motion for new trial concerns alleged *Brady* violations, the district court "does not use the Rule 33 standard based on newly discovered evidence." *United States v. Caro*, 2011 WL 4625383, at *5 (S.D. Fla. Oct. 2, 2011) (Lenard, J.). Instead, under *Brady*, the court must determine whether the defendant has shown that: (1) the prosecution possessed favorable evidence to the defendant; (2) the defendant did not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome of the case would have been different. *See United States v. Vallejo*, 297 F.3d 1154, 1164 (11th Cir. 2002).

Ultimately, the decision to grant or deny a criminal defendant's motion for new trial rests with the district court's sound discretion. *See United States v. Rafferty*, 296 F. App'x 788, 796 (11th Cir. 2008). Likewise, the decision to grant an evidentiary hearing on a motion for new trial is entrusted to the district court's discretion. *United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996). "When the resolution of a motion for a new trial is clear, the district court is not required to hold an evidentiary hearing." *United States v. Elso*, 364 F. App'x 595, 599 (11th Cir. 2010). The Eleventh Circuit has explained that "'the acumen gained by a trial judge over the course of the proceedings' makes the same court 'well qualified' to rule on the motion without holding an evidentiary hearing.'" *See id.* (citation omitted).

## Legal Analysis

The Court finds no reason to order a new trial. While Takhalov argues that he has unearthed new evidence pertaining to Alec Simchuk (who cooperated with, and testified for, the Government), such evidence does not satisfy the standard for new trial in the Eleventh Circuit. Takhalov claims that newly located information shows that Simchuk's wife did not sell her apartment in Russia at the time of Simchuk's testimony, that there is no evidence Simchuk was treated for a broken leg in Russia, that there are no law enforcement reports showing he was attacked there, and that no records indicate he was arrested for immigration violations.

First of all, the Government has attached documentation to its response casting doubt on the veracity of Takhalov's "new" evidence. But even if Takhalov is correct about all of these matters, a new trial is still not warranted. To establish grounds for a new trial based upon newly discovered evidence, the Defendant must show, among other things, that the evidence is not

merely cumulative or impeaching and that it is of such a nature that a new trial would probably produce a different result. *See DiBernardo*, 880 F.2d at 1224. "The failure to satisfy any one of these elements is fatal to a motion for a new trial." *United States v. Lee*, 68 F.3d 1267, 1274 (11th Cir. 1995) (citation omitted).

Takhalov fails to make the required showing because the new evidence is merely cumulative and impeaching, and would not likely result in a different outcome if a new trial were ordered. Simchuk was severely impeached at trial – including, specifically, about the manner in which his leg was injured. Any further impeachment based on Takhalov's purported new evidence would not have added anything of value for the jury to consider, and it would not have led to a different outcome. *See, e.g.*, *United States v. Shaw*, 482 F. App'x 449, 453 (11th Cir. 2012) ("At most, the evidence proffered by [defendant] merely tended to impeach [witness's] testimony, which does not rise to the level for a new trial to be granted."); *see also United States v. Rodriguez*, 427 F. App'x 784, 793 (11th Cir. 2011); *United States v. Brown*, 423 F. App'x 889, 890-91 (11th Cir. 2011). At bottom, Takhalov's supposed "newly discovered evidence" amounts to little more than a hunch that something surrounding Simchuk's apprehension and ultimate cooperation with the Government is fishy. But that won't win him a new trial, especially not where, as here, the overwhelming evidence supports his guilt. *See Rodriguez*, 427 F. App'x at 793.

Equally unavailing is Takhalov's claim that a new trial is required because the Government violated the rule of *Brady*. He contends that the Government violated *Brady* by not disclosing the identities of six bar patrons who reported no loss at the hands of the conspirators, according to probation's Presentence Investigation Report ("PSI"). To obtain a new trial for a *Brady* violation, Takhalov must show, among other things, that he did not possess the evidence in question and could not obtain it with any reasonable diligence. *See Vallejo*, 297 F.3d at 1164. Takhalov's argument lacks merit because the Government properly disclosed to defense counsel all patron credit card receipts, identifying all bar customers. Thus, Takhalov had access to the information that he claims the Government withheld. And because that is so, there was no *Brady* violation here. The Court also notes that the evidence would not have altered the outcome of the case. As the Government points out, "[t]he fact that some customers reported no loss is no indication they were 'satisfied customers'; a number of victims reported no loss because they were reimbursed by their credit card company. *See* Gov't Resp. at 6.

**<u>Conclusion</u>**

For the reasons set forth above, it is hereby **ORDERED and ADJUDGED** that: Defendant Takhalov's Motion for New Trial [ECF No. 1069] is **DENIED**.

**DONE and ORDERED** in Chambers at Miami, Florida on May 15, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of Record